UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――X

TRUSTEES OF THE 1199SEIU GREATER
NEW YORK BENEFIT FUND and TRUSTEES OF
THE 1199SEIU GREATER NEW YORK            Civil Action No. 16-cv-4302
EDUCATION FUND,
                                         **COMPLAINT**
                Plaintiffs,

     vs.

MANHATTANVIEW NURSING HOME a/k/a
MANHATTAN VIEW CARE CENTER

                Defendant.
―――――――――――――――――――――X

## Introduction

1. This is an action to require defendant Manhattanview Nursing Home a/k/a Manhattan View Care Center ("Manhattanview" or "Employer") to make delinquent contributions due to the 1199SEIU Greater New York Benefit Fund (the "Benefit Fund"), a fringe benefit fund which provides medical benefits to defendant's employees and the 1199SEIU Greater New York Education Fund (the "Education Fund"), a fringe benefit fund which provides education benefits to defendant's employees (together "Funds"), and to collect monetary damages pursuant to the applicable terms of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq.

2. This action is brought pursuant to ERISA and § 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185(a) ("LMRA").

## Jurisdiction and Venue

3. The Court has jurisdiction of this action under the terms of 29 U.S.C. § 1132, 29 U.S.C. § 185(a), and 28 U.S.C. § 1331.

4. Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) because this is the district in which the Funds are administered.

### Parties

5. Plaintiffs are Trustees of the Funds. The Funds are established and maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), are employee benefit plans within the meaning of Sections 3(1) and 3(3) of ERISA, 29 U.S.C. §§ 1002(1) and (3), and are maintained for the purpose of providing medical, surgical, hospitalization, and health benefits and educational benefits to eligible participants.

6. Plaintiff members of the Boards of Trustees of the Funds ("Trustees") are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

7. All plaintiffs maintain their principal place of business at 330 West 42nd Street, New York, New York 10036.

8. Plaintiffs bring this action on behalf of themselves and on behalf of Funds' participants pursuant to Sections 502(a)(3)(B) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3)(B) and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

9. Defendant Manhattanview is an employer in an industry affecting commerce within the meaning of Sections 3(5), 3(11), and 3(12) of ERISA, 29 U.S.C. §§ 1002(5), (11) and (12), and Sections 2(2), (6) and (7) of the LMRA, 29 U.S.C. §§ 152(2), (6) and (7). Defendant Manhattanview is an entity doing business primarily in the state of New Jersey. Upon information and belief, Defendant Manhattanview maintains its principal place of business at 3200 Hudson Avenue, Union City, New Jersey 07087, (201) 325-8400.

**Statement of Claim**

10. At all relevant times, some of the Employer's employees were represented by 1199 SEIU United Healthcare Workers East, New Jersey Region ("1199" or the "Union").

11. The Employer and 1199 are parties to a series of collective bargaining agreements covering the bargaining unit(s) of employees described in said agreements. The collective bargaining agreement ("CBA") currently in effect between the parties is dated September 20, 2012 and renews and extends through February 28, 2015 the terms of the April 1, 2005 through June 15, 2008 CBA as extended and renewed by subsequent CBAs between the parties. A copy of the April 1, 2005 through June 15, 2008, as extended and renewed through the current CBA, is attached as Exhibit A.

12. The CBA is a contract between an employer and labor organization within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185, and a collectively bargained agreement within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

13. The CBA requires the Employer to make monthly contributions to the Funds in accordance with the terms of the CBA. Contributions are calculated as a percentage of wages paid to Employer's employees covered by the CBA and are due on or before the 10th day of the month following the payroll month.

14. Paragraph 3 of the Memorandum of Agreement dated December 18, 2008 between Manhattanview and the Union adds Articles 19.1, 19.2, 19.8 and 19.9, as well as paragraphs 36.2 through 36.7 of the CBA between the Union and Amboy Care Center (the "Amboy Agreement") to the CBA between Manhattanview and the Union. The relevant sections of the Amboy Agreement are attached hereto as Exhibit B.

15. Article 36.4 of the Amboy Amgreement, as incorporated by reference in the CBA between the Union and Manhattanview, provides as follows:

> "The Employer shall furnish to the Union monthly a statement indicating the names of Employees covered by this Agreement, their social security numbers and the amount of wages paid, or such other report, record or statement as shall supply such information, and agree to make available for inspection to the Trustees of the Fund all payroll records that may be required for the sound and efficient operation of the Fund, or which may be required by the insurance companies, if any, insuring the employees."

16. Article XXIII, Section 1 of the April 1, 2005 through June 15, 2008 CBA between the Union and Manhattanview provides:

> Article XXIII, Section 1: The Employer shall make prompt payments in full of all monies required to be checked off under Articles XX and XXII, and all payments required to be made to the Funds.

17. In accordance with Articles 36.4 of the Amboy Agreement, as renewed, extended, and incorporated by the current CBA between the Union and Manhattanview, a representative of the Fund conducted an audit of the Employer's payroll records for the period January 1, 2011 through December 31, 2015. The Fund sent the Employer a letter dated February 2, 2016 stating that the Fund auditor had determined that an additional $7,352.85 in contributions was due to the Fund. The Fund's February 2, 2016 letter attached backup records showing that the additional amount was due as a result of the Employer's failure to make contributions pursuant to the terms and conditions of the CBA, including the Employer's failure to make contributions on all wages paid to all employees doing bargaining unit work. The February 2, 2016 letter summarizing the results of the audit is attached hereto as Exhibit C.

18. As of the date of this Complaint, the Employer has not paid the additional $7,352.85 in contributions the Fund determined to be due as a result of the audit, despite demands therefor.

4

## Count I – Payment of Delinquent Contributions

19. Plaintiffs repeat and re-allege each of the allegations set forth in Paragraphs 1 – 18.

20. Defendant's failure to pay required contributions is a breach of its obligations under the CBA and is a violation of Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA, 29 U.S.C. §185.

21. Under ERISA, 29 U.S.C. §§1132(9)(2) and 1145, and under LMRA § 301, Defendant is obligated to the Fund and its Trustees to pay the full amount of unpaid contributions due, plus accrued interest at the rate provided under the plan which is 12% per annum, liquidated damages of 20%, and attorneys' fees and costs of this action.

## Prayer for Relief

WHEREFORE, Plaintiffs respectfully request that this Court:

1. Enter judgment in the amount of $7,352.85, together with interest at the rate of 12% per annum from January 1, 2011 to the date of judgment, liquidated damages in the amount of 20% of the principal amount due, and attorneys' fees and costs as required by ERISA, 29 U.S.C. §1132(g)(2); and

2. Order such other legal and equitable relief as the Court may deem just and proper.

    Respectfully submitted,

    **MEYER, SUOZZI, ENGLISH & KLEIN, P.C.**

By: */s/ Max H. Sicherman*
    Max H. Sicherman
    1350 Broadway, Suite 501
    New York, New York 10018-0822
    (212) 239-4999
    MSicherman@msek.com

*Attorneys for Plaintiffs*

Dated:   June 9, 2016
          New York, New York

146053